■ ˙RUSSELL LOLAND, Respondent, v CITY OF NEW YORK, Defendant, and HEALY TIBBITTS CONSTRUCTION Co., Appellant. [622 NYS2d 762] —In an action to recover damages for personal injuries brought under the Jones Act (46 USC § 688), the defendant Healy Tibbitts Construction Co. appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated July 7, 1993, which granted the plaintiff's motion for reargument of the appellant's motion for summary judgment dismissing the complaint insofar as it is asserted against it, and upon reargument, vacated so much of its order. dated January 14, 1993, as granted the appellant's motion for summary judgment, and thereupon denied the appellant's motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision *(see, Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410, 411). The Supreme Court providently exercised its discretion in granting the plaintiff's motion to reargue.

In this instance, the plaintiff is not precluded from suing his

employer for negligence pursuant to the Jones Act (46 USC § 688) simply because he has received compensation benefits under the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.),* provided that, as in this case, he is a "member of a crew of any vessel," a phrase that is a refinement of the term "seaman" in the Jones Act *(see, Southwest Mar. v Gizoni,* 502 US 81, 85; *McDermott Intl. v Wilander,* 498 US 337, 347). The Supreme Court properly denied the appellant's motion for summary judgment since it failed to establish as a matter of law that the barge which supported the pile-driving crane, upon which the plaintiff was injured, did not constitute a "vessel" pursuant to the Jones Act *(see, Sharp v Johnson Bros. Corp.,* 917 F2d 885; *Brunet v Boh Bros. Constr. Co.,* 715 F2d 196; *Bongiovanni v N.V. Stoomvaart-Mats "Oostzee",* 458 F Supp 602). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.