■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN MARTINEZ, Appellant. [635 NYS2d 618] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered December 10, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The courtroom was properly closed during the undercover officer's testimony on the basis of his *Hinton* hearing testimony establishing his history of undercover operations in the area of defendant's arrest, his pending investigation and ongoing operations of one or two buys a week in that same area, death threats he had received, and the reasonableness of a concern for his safety and the effectiveness of his future operations were his undercover status compromised (*see, People v Martinez*, 82 NY2d 436, 443).

Defendant's challenge to the introduction of evidence of two other, uncharged sales that occurred while the undercover officer was transacting his own buy is unpreserved, and in any event without merit (*People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.

■ MAXIMINO BURGOS et al., Appellants, v PULSE COMBUSTION, INC., et al., Defendants, and MS HOUSING ASSOCIATES, Respondent. (And a Third-Party Action.) [635 NYS2d 603] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered March 21, 1995, which granted defendant-respondent's motion to vacate its default in appearing, unanimously affirmed, without costs. Defendant offered a reasonable excuse for its default, namely, that its insurer failed to answer the complaint because of an erroneous belief that it did not insure defendant and that due to a change of address of which its agent for service of process was unaware, it never received notice of either the original motion seeking a default judgment or the order granting the default with notice of entry (*cf., Cipriano v Hank*, 197 AD2d 295, 296-297). With respect to the merits, defendant raised compelling issues involving apportionment of liability and plaintiff's own negligence. Plaintiffs make no showing of prejudice as a result of the delay. Concur—Wallach, J. P., Kupferman, Williams and Tom, JJ.