■ JAMES HARTLEY et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and HEALY TIBBITTS CONSTRUCTION CO., INC.,

Defendant and Third-Party Plaintiff-Respondent. MVN Associ-
ates, Inc., Third-Party Defendant-Appellant. [646 NYS2d 351]

The defendant third-party plaintiff Healy Tibbitts Construc-
tion Company (hereinafter Healy) contracted with the City of
New York to install an outfall sewer project in Brooklyn, New
York. Pursuant to the contract, Healy contracted with the
third-party defendant MVN Associates, Inc. (hereinafter
MVN), to perform certain underwater diving services. The
plaintiff James Hartley was an employee-diver of MVN. Healy
provided the barges from which the dives at issue were ac-
complished. The plaintiff, alleging that he was injured while
performing diving services for the project, commenced this ac-
tion against Healy and others seeking to recover damages aris-
ing from, *inter alia,* common law negligence. Healy, in turn,
commenced a third-party action against MVN seeking indem-
nity pursuant to the contract between the parties. At issue on
appeal is MVN's cross motion for summary judgment dismiss-
ing the third-party complaint.

The injured plaintiff concedes that his exclusive remedy
against MVN, as his "employer" (*see,* 33 USC § 902 [4]), is
compensation pursuant to the Longshore and Harbor Workers'
Compensation Act (hereinafter the Act) (33 USC § 901 *et seq.;*
§ 905 [a]). However, pursuant to 33 USC § 905 (b) of the Act,
the plaintiff may sue a "vessel" for damages arising from
negligence. The definition of "vessel" includes the "owner,
owner pro hac vice, agent, operator, charter or bare boat
charter, master, officer, or crew member" thereof (*see,* 33 USC
§ 902 [21]). Such a "vessel" may not seek indemnity or contri-
bution from an "employer," either directly or indirectly, and
"any agreements or warranties to the contrary shall be void"
(*see,* 33 USC § 905 [b]; *Dodge v Mitsui Shintaku Ginko K. K.
Tokyo,* 528 F2d 669, *cert denied* 425 US 944). A nonvessel,
however, may pursue, *inter alia,* its contractual remedies
against an "employer" (*see, Pennisi v Standard Fruit & S. S.
Co.,* 206 AD2d 290). Here, MVN, arguing that Healy is a "ves-
sel," sought dismissal of the third-party complaint pursuant to
33 USC § 905 (b). However, questions of fact exist as to whether

the barges at issue were "vessels" (*compare, Penton v Pompano Constr. Co.,* 976 F2d 636; *Michel v Total Transp.,* 957 F2d 186; *Burks v American Riv. Transp. Co.,* 679 F2d 69; *Burchett v Cargill, Inc.,* 48 F3d 173; *Ellender v Kiva Constr. & Eng'g,* 909 F2d 803; *Sharp v Johnson Bros. Corp.,* 917 F2d 885; *Brunet v Boh Bros. Constr. Co.,* 715 F2d 196) and whether Healy was the "owner, owner pro hac vice, agent, operator, charter or bare boat charter, master, officer, or crew member" thereof within the meaning of the Act (33 USC § 902 [21]; § 905 [b]; *see, Loland v City of New York,* 212 AD2d 674; *Standard Fruit Co. v Metropolitan Stevedore Co.,* 52 Cal App 3d 305, 125 Cal Rptr 111). Accordingly, MVN's cross motion to dismiss the third-party complaint was properly denied.

Healy's arguments concerning the underlying merits of the plaintiff's negligence claims are not properly before this Court on this appeal. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.