■ BRANDON JONES, an Infant, by His Mother and Natural Guardian KATHALEEN MERCER, et al., Respondents, v JERRY COX, JR., Defendant, and KENDALL STEWART, Sued Herein as KINDALL STEWARD, Appellant. [679 NYS2d 67] —In an action to recover damages for personal injuries, etc., the defendant Kendall Stewart s/h/a Kindall Steward appeals, as limited by his

brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated September 8, 1997, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In October 1985 the plaintiff Kathaleen Mercer leased an apartment in a multiple dwelling owned by the defendant Jerry Cox, Jr. On May 21, 1987, Mercer's son, the infant plaintiff Brandon Jones, was diagnosed with elevated blood levels of lead. On May 28, 1987, the New York City Department of Health discovered hazardous levels of lead-based paint in the apartment. The condition was allegedly partially or fully abated by September 21, 1987. On April 7, 1989, the multiple dwelling was conveyed to the defendant Kendall Stewart s/h/a Kindall Steward. The plaintiff Kathaleen Mercer continued to lease the apartment until June 1991. The plaintiffs commenced this action alleging that during their tenancy of the subject premises the infant plaintiff suffered lead poisoning as a result of exposure to lead paint found in the apartment.

The Supreme Court should have granted Stewart's motion for summary judgment dismissing the complaint insofar as it was asserted against him. The plaintiffs failed to offer any proof that the infant plaintiff continued to ingest lead-based paintchips or inhale dust after April 7, 1989, the date the premises were conveyed to Stewart, and, in any event, submitted no evidence to show that the infant plaintiff had sustained additional injury by virtue of any alleged continued ingestion of paint chips or dust after that date (*see, Andrade v Wong,* 251 AD2d 609; *Brown v Marathon Realty,* 170 AD2d 426, 428). Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.