■ GREGORY V. SERIO, Respondent, v UNITED STATES FIRE INSURANCE COMPANY et al., Appellants et al., Defendants. [783 NYS2d 289]—In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to defend or indemnify the defendant J.T. Magen & Co., Inc., in an underlying action entitled *Feyjoo v D & G Land Company, LLC,* pending in the Supreme Court, Queens County, under Index No. 4517/99, the defendants United States Fire Insurance Company, North River Insurance Company, and J.T Magen & Co., Inc., appeal (1) from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 18, 2002, which denied their motion to vacate their default in answering, to compel the plaintiff to accept their verified answer and counterclaim, and for leave to enter a default judgment against the plaintiff for its failure to respond to their counterclaim, and (2) an order of the same court dated December 16, 2002, which, among other things, denied that branch of their motion which was, in effect, for leave to renew.

Motion by the plaintiff for leave to reargue his prior motion to dismiss an appeal from an order of the Supreme Court, Queens County, dated June 18, 2002, on the ground that it was untimely taken, which was determined by decision and order on motion of this Court dated October 14, 2003. By decision and order on motion of this Court dated January 7, 2004, the motion was referred to the justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted and, upon reargument, the appeal from the order dated June 18, 2002, is dismissed; and it is further,

Ordered that the order dated December 16, 2002, is reversed, on the law, that branch of the appellants' motion which was, in effect, for leave to renew is granted, and upon renewal, the order dated June 18, 2002, is modified by deleting the provision thereof which denied those branches of the appellants' motion which were to vacate their default in answering and to compel the plaintiff to accept their verified answer and counterclaim, and substituting therefor a provision granting those branches of the motion; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated June 18, 2002, is dismissed

as untimely. Contrary to the appellants' contention, the notice of entry and order served by the plaintiff was sufficient to have commenced the relevant 30-day period of limitation (*see* CPLR 5513 [a]; *Norstar Bank of Upstate NY v Office Control Sys.*, 78 NY2d 1110 [1991]; *Deygoo v Eastern Abstract Corp.*, 204 AD2d 596 [1994]; *Nagin v Long Is. Sav. Bank*, 94 AD2d 710 [1983]).

However, on the facts presented, that branch of the appellants' motion which was, in effect, for leave to renew should have been granted. Upon renewal, the appellants demonstrated both a reasonable excuse for their default in answering the complaint and a meritorious defense (*see* CPLR 2221, 5015 [a] [1]; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169 [1997]; *Matter of Progressive Northeastern Ins. Co. v Frenkel*, 8 AD3d 390 [2004]; *Parker v City of New York*, 272 AD2d 310 [2000]; *Leemilt's Petroleum v Public Stor.*, 193 AD2d 650 [1993]). Accordingly, those branches of the appellants' motion which were to vacate their default in answering and to compel the plaintiff to accept their verified answer and counterclaim should have been granted. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.