■ RAYMOND O'LOUGHLIN et al., Respondents, v DELROY DELISSER et al., Defendants, and CONRAD JOACHIM, Appellant. [788 NYS2d 860]—

In an action to recover damages for personal injuries, the defendant Conrad Joachim appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 23, 2004, which denied his motion to vacate so much of a judgment of the same court (Silverman, J.H.O.) dated August 1, 2002, as, upon his default in appearing and answering, and upon an inquest on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $500,000.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and so much of the judgment dated August 1, 2002, as is in favor of the plaintiff and against the defendant Conrad Joachim in the principal sum of $500,000 is vacated.

CPLR 5015 (a) (1) permits a court to vacate a judgment entered on default when the defendant demonstrates a reasonable excuse for the default, and the existence of a meritorious defense (*see Curran v Graf,* 13 AD3d 409 [2004]; *Serio v United States Fire Ins. Co.,* 11 AD3d 670 [2004]; *Vlachos v Saueracker,* 10 AD3d 683 [2004]). Under the circumstances of this case, the appellant presented a reasonable excuse for his default (*see Taborsky v Mercy Med. Ctr.,* 304 AD2d 559 [2003]; *Lohmann v Castleton Gallery,* 252 AD2d 482 [1998]; *Burgos v Pulse Combus-*

*tion,* 222 AD2d 342 [1995]). Moreover, the defendant demonstrated that he has a meritorious defense to the action (*see Jones v Cox,* 254 AD2d 333 [1998]; *Brown v Marathon Realty,* 170 AD2d 426 [1991]), and public policy favors a determination of controversies on their merits (*see Costanza v Gold,* 12 AD3d 551 [2004]; *Ray Realty Fulton, Inc. v Lee,* 7 AD3d 772 [2004]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.