■ Micah Greene et al., Appellants, v Lula A. Mullen, Also Known as Lula A. Mullen-McCartney, et al., Respondents. [833 NYS2d 215]—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated May 2, 2006, as granted those branches of the defendants' motion which were for leave to reargue (a) the plaintiffs' prior motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, which was granted in a prior order of the same court dated February 3, 2006, and (b) that branch of the defendants' cross motion which was to compel the plaintiffs to accept service of their answer, which was denied in the order dated February 3, 2006, and, upon reargument, vacated the order dated February 3, 2006, as to the defendant Ruby Mullen, and, in effect, denied that branch of the plaintiffs' prior motion which was for leave to enter a default judgment against the defendant Ruby Mullen and granted that branch of the defendants' cross motion which was to compel the plaintiffs to accept service of their answer insofar as asserted by the defendant Ruby Mullen.

Ordered that the order dated May 2, 2006 is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting those branches of the defendants' motion which were for leave to reargue (*see e.g. Loland v City of New York*, 212 AD2d 674 [1995]; *Schneider v Solowey*, 141 AD2d 813 [1988]) and, upon reargument, in effect, in denying that branch of the plaintiffs' prior motion which was for leave to enter a default judgment against the defendant Ruby Mullen and in granting that branch of the defendants' cross motion which was to compel the plaintiffs to accept service of their answer insofar as asserted by the defendant Ruby Mullen. The defendants adequately demonstrated a reasonable excuse for Ruby Mullen's default, and her delay in answering was brief, was neither delib-

erate nor willful, and did not prejudice the plaintiffs. Furthermore, the defendants raised potentially meritorious defenses regarding Ruby Mullen's ownership and/or responsibility for the subject premises, as well as issues regarding notice of the hazardous condition thereon and the classification of the premises as a multiple dwelling. The Supreme Court's consideration of all of these factors, as well as of the policy favoring the resolution of cases on their merits, supported its determination (*see Ubaydov v Kenny's Fleet Maintenance, Inc.,* 31 AD3d 536 [2006]; *Harcztark v Drive Variety, Inc.,* 21 AD3d 876 [2005]; *O'Loughlin v Delisser,* 15 AD3d 372 [2005]; *Seccombe v Serafina Rest. Corp.,* 2 AD3d 516 [2003]). Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.