■ FAROUK A. ALTAIRI, Appellant, v DUVALES CINEUS, Defendant, and 309 N.Y. AVE. REALTY L.L.C., Doing Business as 309 N.Y. AVE. REALTY LLC, Respondent. [844 NYS2d 892]—

In an action, inter alia, for specific performance of a right of first refusal provision contained in a lease, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 25, 2006, as granted that branch of the motion of the defendant 309 N.Y. Ave. Realty L.L.C., doing business as 309 N.Y. Ave. Realty LLC, which was for leave to reargue his prior motion for leave to enter judgment against that defendant upon its default in answering or appearing, which was granted by order of the same court dated March 2, 2006, and, upon reargument, vacated the order dated March 2, 2006, and denied his motion, and (2) so much of an order of the same court dated November 28, 2006, as denied that branch of his motion which was for leave to reargue that branch of the prior motion of the defendant 309 N.Y. Ave. Realty L.L.C., doing business as 309 N.Y. Ave. Realty LLC, which was for leave to reargue.

Ordered that the appeal from the order dated November 28, 2006, is dismissed, as no appeal lies from an order denying reargument (see *Newell v Ford Motor Credit Co.,* 36 AD3d 675, 676 [2007]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.,* 29 AD3d 894 [2006]); and it is further,

Ordered that the order dated May 25, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant 309 N.Y. Ave. Realty L.L.C., doing business as 309 N.Y. Ave. Realty LLC

(hereinafter 309 NY Ave) which was for leave to reargue the plaintiff's prior motion for leave to enter a default judgment against it (*see e.g. Greene v Mullen*, 39 AD3d 469 [2007]; *Loland v City of New York*, 212 AD2d 674 [1995]; *Schneider v Solowey*, 141 AD2d 813 [1988]). Upon reargument, the Supreme Court providently exercised its discretion in vacating the order dated March 2, 2006, which, inter alia, granted the plaintiff's motion for leave to enter a default judgment against 309 NY Ave, and denying the plaintiff's motion. 309 NY Ave adequately demonstrated a reasonable excuse for its default, and its delay in answering was brief, was neither deliberate nor willful, and did not prejudice the plaintiff (*see Greene v Mullen*, 39 AD3d at 469-470; *Whitfield v State of New York*, 28 AD3d 541, 542 [2006]). Furthermore, 309 NY Ave raised a potentially meritorious defense that the plaintiff had notice of an offer and failed to exercise his right of first refusal (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 61 [2003]; *Quis v Bolden*, 298 AD2d 375 [2002]; *Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691, 691-692 [1983]). The Supreme Court's consideration of all of these factors, as well as the "strong public policy" favoring the resolution of cases on their merits, supported its determination (*see Greene v Mullen*, 39 AD3d at 470; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 877 [2005]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.