*118 OPINION OF THE COURT
Spolzino, J.E
This appeal presents two issues with respect to a contractual forum selection clause. First, does a forum selection clause in a cruise ship contract of passage that limits an injured passenger to suit in federal court, where such jurisdiction is available, and allows a state court action only where it is not, violate either the Saving to Suitors Clause of the Judiciary Act of 1789 (28 USC § 1333[1]) or 46 USC § 30509, which governs clauses in maritime contracts that purport to limit liability? Second, if the forum selection clause is enforceable, does it deprive the court of subject matter jurisdiction, and thereby foreclose the court’s consideration of equitable relief in favor of the plaintiff? We conclude that the forum selection clause at issue here is enforceable and that, although the enforcement of a contractual forum selection clause does not impair the subject matter jurisdiction of the court, equitable relief in favor of the plaintiff is nevertheless unavailable.
The plaintiff allegedly was injured when she fell while a passenger on a cruise ship owned by the defendant Carnival Corporation, doing business as Carnival Cruise Lines (hereinafter Carnival) in January 2005. She commenced this action in April 2005 to recover damages for her injuries. In its answer, served in June 2005, Carnival raised affirmative defenses alleging that the court was without subject matter jurisdiction of the action and that the action had been brought in an improper forum. These defenses were based on a clause in the passenger contract requiring that “all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest’s cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.” The contract also provided that any action against Carnival must be brought within one year of the event giving rise to the claim.
In February 2006, after serving discovery demands and participating in a preliminary conference that scheduled the depositions of the parties, but before those depositions had commenced, Carnival moved to dismiss the complaint on the basis of the forum selection clause. The plaintiff opposed the motion *119 on the grounds that Carnival had waived its right to rely upon the forum selection clause by participating in the litigation for nearly a year, and that issues of fact as to the adequacy of the notice to the plaintiff of the terms of the contract precluded judgment in favor of Carnival before trial. In the alternative, the plaintiff requested that if the forum selection clause were found to be enforceable, the court condition dismissal of the complaint on Carnival’s acceptance of service and waiver of jurisdictional and statute of limitations defenses in a Florida action.
The Supreme Court granted Carnival’s motion to dismiss the complaint on the ground that it was without jurisdiction of the subject matter of the action by reason of the forum selection clause. Consistent with that conclusion, the Supreme Court denied the alternative relief requested by the plaintiff, reasoning that without subject matter jurisdiction of the action, it had no authority to do anything other than dismiss the complaint. The plaintiff appeals.
Contrary to the plaintiffs argument, Carnival’s participation in this litigation did not waive the defense afforded by the forum selection clause. Having raised the defense in its answer, Carnival was entitled to rely on it later in the litigation (see Calloway v National Servs. Indus., 93 AD2d 734 [1983], affd on op below 60 NY2d 906 [1983]) and was not under any obligation to move on it more quickly than it did (see Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y., 294 AD2d 409, 410 [2002]; Ruttura & Sons Constr. Co. v Petrocelli Constr., 257 AD2d 614, 615 [1999]). If the plaintiff desired a more prompt resolution of the issue, she could have moved to strike the defense on the same grounds that she asserts in response to Carnival’s motion (see CPLR 3211 [b]), but she did not do so.
The plaintiff is also incorrect in arguing that issues of fact preclude a determination at this time that the forum selection clause is enforceable. The facts in that regard are undisputed. The plaintiff paid for the cruise and received a confirmation from Carnival on November 13, 2004. The cruise was “booked” by the plaintiffs travel agent on November 29, 2004. Carnival sent the plaintiffs ticket to her travel agent on December 3, 2004. The plaintiff presented the ticket when she boarded the ship on January 8, 2005.
The validity of the terms of a contract for a cruise turn on federal principles of maritime law (see Carnival Cruise Lines, Inc. v Shute, 499 US 585, 590 [1991]; Lerner v Karageorgis *120 Lines, 66 NY2d 479, 484-485 [1985]). In deciding such issues, “we must look to the decisions of the Federal courts to define the liabilities of shipowners for maritime torts, leaving out of consideration decisions of our own courts or statutes of the State which conflict with the rules of liability established in the Federal courts” (Riley v Agwilines, Inc., 296 NY 402, 405-406 [1947]). Applying federal maritime principles, forum selection clauses in cruise ship contracts are generally enforceable (see Carnival Cruise Lines, Inc. v Shute, 499 US at 593; The Bremen v Zapata Off-Shore Co., 407 US 1, 8-12 [1972]), provided that the terms have been reasonably communicated to the passenger (see Ward v Cross Sound Ferry, 273 F3d 520 [2001]) and do not violate notions of “fundamental fairness,” either because the passenger’s assent was the result of fraud or overreaching or the forum restriction is inconvenient (Carnival Cruise Lines, Inc. v Shute, 499 US at 595; Effron v Sun Line Cruises, Inc., 67 F3d 7, 9-11 [1995]).
The situation presented here falls squarely within the class of cases in which a forum selection clause is enforceable. The plaintiff had the opportunity to review the ticket (see Lousararian v Royal Caribbean Corp., 951 F2d 7, 11 [1991]; Colby v Norwegian Cruise Lines, Inc., 921 F Supp 86, 88 [1996]), as she received it more than a month before the date on which she embarked (see Foster v Cunard White Star, 121 F2d 12, 13 [1941]; Golden v Celebrity Cruises Inc., 4 Misc 3d 33, 36 [2004]). The front portion of the ticket explicitly directed the attention of the passenger to a page within to read “important limitations.” Those restrictions included the complete terms of the forum selection clause. The forum selected, either the federal or state courts in Miami, Florida, is not inconvenient (see Effron v Sun Line Cruises, Inc., 67 F3d at 10-11; Melnik v Cunard Line Ltd., 875 F Supp 103, 107-108 [1994]), particularly since that is the port at which the plaintiff embarked.
Although it appears from the copy of the ticket that is part of the record that the plaintiff would have forfeited her fare had she attempted to cancel the cruise upon receiving the ticket and reviewing the forum selection clause, an argument that might be a basis for the relief she seeks (see Schaffv Sun Line Cruises, Inc., 999 F Supp 924 [1998]; but see Lurie v Norwegian Cruise Lines, Ltd., 305 F Supp 2d 352 [2004]), the plaintiff did not assert before the Supreme Court that she was thereby effectively bound by that clause against her will. Since such an argument potentially presents factual issues that Carnival was prevented *121 from addressing by the plaintiffs failure to raise the argument before the Supreme Court, we decline to address the argument for the first time on appeal (see Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476 [1998]).
By contrast, the plaintiffs contentions that the forum selection clause at issue contravenes the Saving to Suitors Clause of the Judiciary Act of 1789 (28 USC § 1333 [1]) and 46 USC § 30509 (formerly 46 USC Appendix § 183c), which governs clauses in maritime contracts that purport to limit liability, although also raised for the first time on appeal, present issues of law that appear on the face of the record and could not have been avoided had they been raised before the Supreme Court (see Weiner v MKVII-Westchester, 292 AD2d 597 [2002]). It is therefore appropriate that we consider those issues (see Matter of Besedina v New York City Tr. Auth., 47 AD3d 924 [2008]).
The Saving to Suitors Clause preserves the jurisdiction of state courts to entertain in personam maritime causes of action (see Lewis v Lewis & Clark Marine, Inc., 531 US 438 [2001]; Madruga v Superior Court of Cal., County of San Diego, 346 US 556, 560-561 [1954]), provided that they apply federal maritime law (see Lerner v Karageorgis Lines, 66 NY2d 479 [1985]). The Saving to Suitors Clause, however, does not purport to limit the right of a party to agree that he or she will not litigate in a particular forum that has jurisdiction. Rather, the Saving to Suitors Clause was included in the statutory provision granting admiralty jurisdiction to federal courts “probably, from abundant caution, lest the exclusive terms in which the power is conferred on the District Courts might be deemed to have taken away the concurrent remedy which had before existed” (Lewis v Lewis & Clark Marine, Inc., 531 US 438, 444 [2001], quoting New Jersey Steam Nav. Co. v Merchants’ Bank of Boston, 6 How [47 US] 344, 390 [1848]). Since a cruise ship passenger is otherwise competent to contract away that choice of forum (see Carnival Cruise Lines, Inc. v Shute, 499 US at 593), and the clause at issue here is not otherwise unenforceable under Shute, the Saving to Suitors Clause does not bar dismissal of the plaintiffs claim on the basis of the forum selection clause to which she agreed. The forum selection clause at issue here also does not violate 46 USC § 30509, since it “allows for judicial resolution of claims” and does not “purport to limit [Carnival’s] liability for negligence” (Carnival Cruise Lines, Inc. v Shute, 499 US at 596-597; see Reynolds-Naughton v Norwegian Cruise Line Ltd., 386 F3d 1 [2004]).
*122 While we thus find that the forum selection clause upon which Carnival relies does not contravene federal law, we nevertheless conclude that the Supreme Court was incorrect in holding that enforcement of that clause deprived it of subject matter jurisdiction. “A court lacks subject matter jurisdiction when it lacks the competence to adjudicate a particular kind of controversy in the first place” (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243 [2007]). The competence of the Supreme Court to adjudicate maritime tort cases has not been questioned (see e.g. Mulhern v Manhasset Bay Yacht Club, 43 AD3d 425 [2007]; Ayala v S.S. Fortaleza, 40 AD3d 440 [2007]; Hayes v City of New York, 34 AD3d 208 [2006]; Smith v Lone Star Indus., 1 AD3d 860 [2003]). Rather, the defendant’s argument here is that the jurisdiction of the court has been divested by a term of the contract between the parties. That argument has been rejected, for good reason, as “hardly more than a vestigial legal fiction” (The Bremen v Zapata Off-Shore Co., 407 US at 12).
“Subject matter jurisdiction ... is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967], quoting Hunt v Hunt, 72 NY 217, 229 [1878]). As “a court of original, unlimited and unqualified jurisdiction” (Matter of Fry v Village of Tarry town, 89 NY2d 714, 718 [1997], quoting Kagen v Kagen, 21 NY2d 532, 537 [1968]; see Lacks v Lacks, 41 NY2d 71, 75 [1976]), the Supreme Court of the State of New York cannot be divested of its jurisdiction even by the Legislature (see Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 339 [1993]). It is axiomatic that a court cannot be divested of its subject matter jurisdiction by a contract (see Wm. H. Muller & Co. v Swedish Am. Line Ltd., 224 F2d 806, 808 [1955], cert denied 350 US 903 [1955]; Sliosberg v New York Life Ins. Co., 217 App Div 685, 688-689 [1926]). Thus, while the forum selection clause at issue here may be enforceable as a term of the contract between the parties, it does not affect the jurisdiction of the Supreme Court (see LFC Lessors, Inc. v Pacific Sewer Maintenance Corp., 739 F2d 4, 6-7 [1984]; Central Contr. Co. v Maryland Cas. Co., 367 F2d 341, 345 [1966]).
We recognize that there is an ongoing debate in the federal courts as to the nature of a dismissal pursuant to a contractual forum selection clause (see Asoma Corp. v SK Shipping Co., Ltd., 467 F3d 817, 822 [2006]; New Moon Shipping Co., Ltd. v *123 MAN B & W Diesel AG, 121 F3d 24, 28 [1997]; Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v Ulysses Cruises, Inc., 131 F Supp 2d 393, 402-409 [2000]) and that we have, in the past, affirmed such dismissals for lack of subject matter jurisdiction, pursuant to CPLR 3211 (a) (2) (see LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394 [2006]; Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc., 15 AD3d 535 [2005]). These two cases should no longer be followed in that regard. As a term of the contract between the parties, however, a contractual forum selection clause is documentary evidence (see Trataros Constr., Inc. v New York City Hous. Auth., 34 AD3d 451, 452 [2006]; Holiday Mgt. Assoc. v New York Inst, of Tech., 149 AD2d 462, 465 [1989]; Siegel, NY Prac § 259 [4th ed]; see also 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1 [2004]) that may provide a proper basis for dismissal pursuant to CPLR 3211 (a) (1) (see Boss v American Express Fin. Advisors, Inc., 6 NY3d 242 [2006]).
Since the Supreme Court was not without subject matter jurisdiction of the action by virtue of the enforcement of the contractual forum selection clause, it was not foreclosed from considering the availability, upon dismissing the complaint, of granting relief to the plaintiff pursuant to CPLR 327. Nevertheless, we affirm the Supreme Court’s denial of the plaintiffs request for such relief, on a different ground.
CPLR 327 articulates the common-law doctrine of forum non conveniens (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478 [1984], cert denied 469 US 1108 [1985]; Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C327:l). It permits a court, in its discretion, to impose “any conditions that may be just” when dismissing an action on the ground that “in the interest of substantial justice the action should be heard in another forum” (CPLR 327; see Demenus v Sylvester, 146 AD2d 668 [1989]).
Here, however, the dismissal is not discretionary, but is the necessary consequence of enforcing the contract between the parties. As a result, considerations such as the impact of the dismissal on the plaintiff and whether fatality to the plaintiffs claims can be avoided, which are legitimate in applying CPLR 327 (see Singh v Zuidema, 221 AD2d 1020 [1995]; Crown Cork & Seal Co. v Rheem Mfg. Co., 64 AD2d 545 [1978]), where the court is balancing interests (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474 [1984]; Chawafaty v Chase Manhattan Bank, 288 AD2d 58 [2001]), are irrelevant. Rather, in this *124 regard, the dismissal is analogous to a dismissal based upon lack of personal jurisdiction, where those considerations play no role (see Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574, 579 [1980]; Sanchez v Major, 289 AD2d 320, 321 [2001]; Sarfaty v Rainbow Helicopters, 221 AD2d 618, 619 [1995]; Foley v Roche, 68 AD2d 558, 565 [1979]).
Thus, contrary to the plaintiffs argument, even though the Supreme Court had jurisdiction of the matter despite the forum selection clause, it had no authority to grant discretionary relief to the plaintiff pursuant to CPLR 327 once it determined that the contract required that the complaint be dismissed. We therefore affirm the order of the Supreme Court.
Santucci, Angiolillo and Garni, JJ., concur.
Ordered that the order is affirmed, with costs.