Schwartz v Port Imperial Ferry Corp. (2021 NY Slip Op 05108)





Schwartz v Port Imperial Ferry Corp.


2021 NY Slip Op 05108


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 157203/18 Appeal No. 14216 Case No. 2020-03298 

[*1]Todd Schwartz, Plaintiff-Appellant,
v
Port Imperial Ferry Corp. Doing Business as NY Waterway et al., Defendants-Respondents.


Patrick S. Owen, PLLC, Middletown (Patrick S. Owen of counsel), for appellant.
Kaufman Dolowich Voluck, LLP, New York (Gino A. Zonghetti and Kenneth B. Danielsen of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 8, 2020, which, in this action for personal injuries, granted defendants' motion to vacate the default judgment in answering the complaint and the decision awarding damages following an inquest, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting defendants' motion (see generally Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510 [1st Dept 2010]).Defendants demonstrated a reasonable excuse for their default, namely, that the senior legal adjuster of the third-party claims management company, who was responsible for informing the insurance broker and insurer about any actions commenced against defendants failed to take the appropriate action, and, consequently, defense counsel was never assigned (see CPLR 5015[a][1]; Triangle Transp., Inc. v Markel Ins. Co., 18 AD3d 229 [1st Dept 2005]). It was not until the default order was entered that the senior legal adjuster realized she had lost track of this action (see e.g. Parker v I.E.S.I. N.Y. Corp., 279 AD2d 395, 395 [1st Dept 2001], lv dismissed 96 NY2d 927 [2001]).
Furthermore, defendants sufficiently alleged a meritorious defense. Defendants raise potential meritorious defenses regarding their ownership and/or responsibility for the premises, as well as issues regarding notice of the alleged defective condition (see Greene v Mullen, 39 AD3d 469, 470 [2d Dept 2007]). Furthermore, vacatur was warranted given this state's strong public policy for deciding cases on the merits (see US Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021