| Joseph v Joseph |
| :---: |
| 2024 NY Slip Op 32544(U) |
| July 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500873/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
----------------------------------------------x
STEPHEN JOSEPH,

                                Plaintiff,         Decision and order

        - against -                Index No. 500873/2024

PAMELA JOSEPH & CGGMM PROPERTIES LLC,
                            Defendants,     July 23, 2024
----------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN        Motion Seq. #1 & #2

      The plaintiff filed an order to show cause seeking a judgement vacating the transfer of property from defendant Pamela Joseph to CGGMM Properties LLC. The defendants have moved pursuant to CPLR §3211 seeking to dismiss the complaint and for a default judgement concerning the defendant's counterclaims. The motions have been opposed respectively. Papers were submitted by the parties and arguments were held. After reviewing all the arguments this court now makes the following determination.

      According to the complaint on May 20, 2008, the parties entered into a Divorce Settlement Agreement which required the defendant to transfer to the plaintiff property located at 462 Marion Street in Kings County. The complaint alleges the defendant failed to transfer the property. This lawsuit was commenced and the complaint alleges causes of action for breach of contract, breach of good faith and fair dealing, unjust enrichment, promissory estoppel and a voidable transaction. On December 20, 2023 the defendant Pamela Joseph sold the property to defendant CGGMM Properties LLC. The plaintiff has moved

[*1]

seeking to void that transfer. The defendant has moved seeking to dismiss the complaint on various grounds. As noted, the motions are opposed.

### Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

Turning to the timeliness of the lawsuit, pursuant to CPLR §231(2) the statute of limitations for a breach of contract claim is six years. Moreover, the statute of limitations begins to run when a cause of action accrues (CPLR §203(a)) which means "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court"

2

[*2]

(see, Aetna Life & Casualty Company v. Nelson, 67 NY2d 169, 501 NYS2d 313 [1986]). There is no dispute this action was commenced in 2024 well after six years following the divorce settlement agreement. The plaintiff does not really present any arguments why the action has been timely commenced. Mr. Joseph states in his affidavit that a foreclosure action was commenced in 2009 and that "Defendant Pamela promised and I had no choice but to agree that she would have the Marital Property transferred to my name once the Foreclosure action was resolved" (see, Affidavit of Stephen Joseph, ¶9 [NYSCEF Doc. No. 8]). Likewise, counsel for the plaintiff also asserted that "Plaintiff had no choice but to agree with Defendant Pamela to have the Marital Property transferred to his name once the Foreclosure action was resolved" (see, Affirmation of Morriesha Shepherd, Esq., ¶12 [NYSCEF Doc. No. 5]). In another affidavit the plaintiff asserts that "after making multiple requests from as early as 2008 the Defendant then relied on the 2009 Foreclosure action as a reason why she could not transfer the property. The reason for this was because Defendant Joseph relayed to the Plaintiff that they stood a good chance of having the Mortgage Discharged and since the matter was filed in her name, she would continue the case and complete the transfer after" (see, Affidavit of Stephen Joseph, ¶15 [NYSCEF Doc. No. 59]).

Thus, essentially, the plaintiff argues the foreclosure

3

[* 3]

action commenced stayed the defendant's obligation to transfer the property. However, a foreclosure action does not effectuate any such stay. Indeed, the plaintiff concedes the property was transferred to defendant CGGMM Properties LLC during the pendency of another foreclosure proceeding that had been commenced (see, Complaint, ¶17 [NYSCEF Doc. No. 1] "The second Foreclosure has yet to be not fully resolved and still pending in the Appellate Court" see, also, Affidavit of Stephen Joseph, ¶19 [NYSCEF Doc. No. 8]). Further, the divorce settlement agreement did not require the transfer from the defendant to the plaintiff to be free of any encumbrances or liens, thus there was not reason why the defendant could not fulfill her requirement to transfer the property and no reason why the plaintiff could not commence an action in the ensuing sixteen years.

Therefore, the motion seeking to dismiss the first four causes of action of the complaint is granted.

Turning to the fifth cause of action, the plaintiff alleges the transfer to defendant CGGMM Properties LLC may be voided.

Debtor Creditor Law former §276 states that "every conveyance made...with actual intent...to hinder, delay, or defraud either present or future creditors, is fraudulent" (id). Thus, a creditor must demonstrate, by clear and convincing evidence that a defendant had the actual intent to hinder, delay or defraud creditors (see, Jensen v. Jensen, 256 AD2d 1162, 682

4

[*4]

NYS2d 774 [2d Dept., 1998]). The fraudulent transfer law contained within the Debtor Creditor Law is designed to prevent debtors from avoiding the payment of their debts (Leifer v. Murphy, 149 Misc 455, 267 NYS 701 [Supreme Court Bronx County 1933]). Pursuant to Debtor Creditor Law §278 any creditor may have fraudulent conveyances set aside except against any good faith purchaser for value, which is defined as any person who tendered fair consideration without knowledge of any fraud (see, Commodity Futures Trading Commission v. Walsh, 17 NY3d 162, 927 NYS2d 821 [2011]).

Preliminarily, it must be demonstrated that the plaintiff is a 'creditor' of the defendant. A creditor is "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (see, Debtor and Creditor Law §270). As noted, the plaintiff does not maintain any claims against the defendant and thus cannot pursue claims based upon the debtor creditor law. Further, there is no allegation presented that CGGMM Properties LLC was not a bona fide good faith purchaser for value. Therefore, the fifth cause of action is dismissed and all the causes of action of the complaint are hereby dismissed.

Turning to the defendant's counterclaims, the defendant seeks a default due to the plaintiff's failure to respond to them. The court cannot examine the adequacy of the counterclaims

without a motion to dismiss in the absence of extraordinary circumstances (Matter of Weindling v. Berkowitz, 157 AD3d 803, 69 NYS3d 340 [2d Dept., 2018]). No such circumstances have been presented in this case.

Therefore, the motion seeking a default is denied at this time. The plaintiff must respond to the counterclaims within thirty days of receipt of this order.

So ordered.

ENTER:

DATED: July 23, 2024
Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

6

[* 6]