SHEPHERD, J.,
concurring in part, dissenting in part.
I respectfully dissent on granting certification in this case.[1] In my view, this is not a case of great public importance, or even great urgency. As with Leslie v. Carnival Corp. ., 22 So.3d 561 (Fla. 3d DCA 2008), rehearing en banc denied, 22 So.2d 567, the decision in this case accords with ancient concepts of freedom of contract, pursuant to which Mr. Wiesenberg and Costa Crociere have agreed the dispute between them will be resolved in a court which has existed for this purpose for more than 200 years. See Judiciary Act of 1789 Ch. 20 § 9, 1 Stat. 77 (1789); 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 1-6 (4th ed.2004).
What constitutes a question of great public importance is not defined. However, we must be mindful that when the provision first appeared in the Florida Constitution in 1957, it was part of a revision and modernization of the Florida appellate structure prompted by the great number of cases reaching the Florida Supreme Court and the consequent delay in the administration of justice. Ansin v. Thurston, 101 So.2d 808, 810 (Fla.1958). Under this revision, the Florida Supreme Court became charged to serve as a supervisory body, heavily oriented toward the preservation of uniformity of principle and practice. Id. Concomitantly, review by the district courts was thereafter intended “in most instances” to be final and absolute.” Id. Undiscriminating certification of matters as being of great public importance thwarts this constitutional scheme. It also inhibits the salutary functioning of the courts of appeal of this state as legal laboratories.
The case before us is a garden variety personal injury ease with a contractual twist. As a practical matter, the clause in question affects a narrow class of Costa Crociere cruise ship customers — those with a dispute arising out of their cruise experience. Although the clause is chal-lengeable and remains so in courts outside our jurisdiction, there is no court which has reasoned to a result contrary to the one we have reached here, or in our more fulsomely reasoned decision, Leslie v. Carnival Corporation.[2] Nor is there any rea *915 son to believe Mr. Wiesenberg will be mistreated or shortchanged by a judge of the United States District Court absent immediate intervention by our High Court.[3]
This may be a case of some legal panache. However, in my opinion, it is not a case of great public importance. The former, of course, is not a basis for certification.

. I concur in the majority's denial of the motion for rehearing.

. Lest there be any confusion, see supra p. 2, the Leslie panel (and hence the en banc panel) did not have before it the question whether the contractual limitations in the cruise passenger's ticket were "reasonably communicated” to the passenger under federal maritime law. See Leslie, 22 So.3d at 562, n. 2 ("The passengers do not contest that this clause, which was referenced expressly in a bold *915 faced 'Important Notice to Guests' on the first page of the Ticket Contract, was ‘reasonably communicated’ to them as required by federal maritime law.”). The sole issue presented in Leslie, and the cases consolidated with Leslie for en banc consideration, was whether the forum selection clause was unenforceable because it deprived some Carnival Cruise Line passengers of an absolute right to have their case decided by a jury in the United States District Court. .

. Although cast in the idiom of jury sanctity, I deduce this is Mr. Wiesenberg's true concern. However, analyses of empirical data from federal cases compiled by the Administrative Office of the United States Courts strongly suggest otherwise. See, e.g., Theodore Eisenberg, Judicial Decisionmaking in Federal Products Liability Cases, 1978-1997, 49 DePaul L.Rev. 323, 323 (1999) (“The striking difference in trial win rates between judge and jury trials continues. Plaintiffs prevail in over 40% of the judge trials and only about 30% of the jury trials.”); Carol J. DeFrances & Marika F.X. Litras, Civil Trial Cases and Verdicts in Large Counties, 1996, Bur. Justice Stats. BuL, Sept. 1999, at 1, 6 (“Plaintiffs were more likely to win in bench trial cases (62%) than in jury trial cases (49%).”); see also Thomas A. Eaton, et al., Another Brick in the Wall: An Empirical Look at Georgia Tort Litigation in the 1990s, 34 Ga. L.Rev. 1049, 1084 (2000). Moreover, Federal Rule of Civil Procedure 39(c) authorizes a claimant, such as Mr. Wiesenberg, to request a jury trial of his claim in admiralty, subject to the consent of Costa Crociere and the federal trial judge.