Filed 2/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BARRY KORMAN, | B290681 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC674062) |
| v. | |
| PRINCESS CRUISE LINES, LTD., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael J. Raphael, Judge. Affirmed.

Nguyen Lawyers, Christine J. Gonong and Minh T. Nguyen for Plaintiff and Appellant.

Flynn, Delich & Wise, Barbara E. Kennedy and Lisa M. Conner for Defendant and Respondent.

Plaintiff and appellant Barry Korman appeals from an order of the trial court dismissing his complaint against respondent Princess Cruise Lines, Ltd. for forum non conveniens. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2017, appellant sued respondent based on injuries appellant suffered while he was a passenger on a cruise ship operated by respondent. Appellant alleged that he was injured during a February 2017 cruise on the "Crown Princess," a cruise ship traveling from Buenos Aires, Argentina to Santiago, Chile. He alleged that respondent was aware of an impending storm, but the crew of the ship negligently failed to warn its passengers of the storm and failed to close the gym and spa on the ship. On February 11, 2017, the cruise ship "experienced high seas and tipped" while appellant was using the spa, causing him to fall and break his hip, and resulting in permanent injuries. The crew closed the gym and spa after appellant fell.

Appellant filed a complaint in Los Angeles Superior Court alleging negligence, res ipsa loquitur, and breach of contract. Respondent's counsel informed appellant's counsel that the complaint had been filed in the wrong forum, citing the forum selection clause in the Passage Contract governing the cruise and forwarding a copy of the contract to appellant's counsel.[1]

---

[1]     The parties are represented on appeal by the same counsel who represented them below.

The forum selection clause contained in the passage contract stated in full: "(B) Forum and Jurisdiction for Legal Action: [¶] (i) Claims for Injury, Illness or Death: All claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever, including without limitation those arising out of or relating to this Passage Contract or Your Cruise, shall be litigated before the United States District Courts for the Central District of California in Los Angeles, or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Los Angeles County, California, U.S.A., to the exclusion of the courts of any other country, state, city, municipality, county or locale. You consent to jurisdiction and waive any objection that may be available to any such action being brought in such courts." The passage contract also required any claim for personal injury to be filed within one year of the date of the injury.

On October 27, 2017, respondent specially appeared in the superior court to file a motion to stay or dismiss the action based on forum non conveniens under Code of Civil Procedure sections 410.30 and 418.10.[2] Appellant opposed the motion, arguing that section 410.30 did not apply because the case was being litigated in a forum within California.[3] He further argued that respondent had not shown that it

---

[2]     Unspecified statutory references will be to the Code of Civil Procedure.

[3]     The statute provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (§ 410.30, subd. (a).)

3

would be inconvenient for any witnesses or parties to adjudicate the case in California state court. (See § 418.10, subd. (a)(2).)[4] Appellant also argued that respondent's failure to remove the action to federal court within 30 days, as required by 28 United States Code section 1446, subdivision (b)(1) (28 U.S.C. §), deprived the federal court of subject matter jurisdiction over the case. Finally, appellant contended that, although a passage contract is governed by federal maritime law, state courts are not precluded from adjudicating such claims, and that the forum selection clause was unenforceable.

On February 1, 2018, the trial court conditionally granted respondent's motion and stayed the action. The court found that the forum selection clause was mandatory and required the parties to select the federal court "if that forum has subject matter jurisdiction." Because "[t]here appears to be no dispute here that the federal court has subject matter jurisdiction over this lawsuit, at least at its outset," the court concluded that the action should have been filed in federal court in Los Angeles. The court further concluded that enforcement of the forum selection clause was not unreasonable. The court acknowledged appellant's "argument that the clause should not be enforced where the defendant had a chance to remove the case and did

---

[4] The statute provides in pertinent part: "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: [¶] . . . [¶] (2) To stay or dismiss the action on the ground of inconvenient forum." (§ 418.10, subd. (a)(2).)

4

not do so," stating that this was "a close decision." Nonetheless, the court concluded that enforcement was not unreasonable because appellant still had the opportunity to litigate in federal court.[5] The court stayed the action until a March 15, 2018 hearing.

On February 26, 2018, the parties filed a joint status report, indicating that appellant agreed to refile in federal court and asking the court to continue the hearing date. The court continued the hearing to April 19, 2018.

At the April 19 hearing, appellant's counsel stated that appellant had decided not to file suit in federal court. The court granted respondent's motion to dismiss for forum non conveniens, lifted the stay and dismissed the case without prejudice.

## DISCUSSION

I.    *Absence of Reporter's Transcript*

As an initial matter, we consider whether the absence of a reporter's transcript warrants affirmance based on an inadequate record pursuant to *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181 (*Foust*). "[D]ismissal of an appeal may be warranted in the absence of a reporter's transcript when such a transcript is necessary for meaningful review. [Citation.]" (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 933 (*Bel Air*).) However, "California

---

[5]    The court noted that respondent's counsel agreed to waive the one-year limitations period contained in the passage contract in order for appellant to file in federal court.

5

Rules of Court, rule 8.120(b) requires a reporter's transcript on appeal only if 'an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . .' California Rules of Court, rule 8.130(a)(4) provides that an appellant may 'elect[] to proceed without a reporter's transcript.'" (*Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699 (*Chodos*).)

In *Foust, supra*, 198 Cal.App.4th 181, the appellant appealed from a judgment entered following a three-day court trial. On appeal, he failed to provide "a reporter's transcript from his court trial or any other adequate statement of the evidence." (*Id.* at p. 186.) Instead, he provided a partial clerk's transcript, which contained his complaint, his amended complaint, the statement of decision, the judgment, and two of the exhibits introduced at trial. Because the appellant's challenge to the trial court's findings relied on his trial testimony, the court found the inadequate record to be "fatal" to his appeal. (*Ibid.*)

By contrast, in *Bel Air*, the court held that the appellants did not forfeit their appeal by failing to provide a reporter's transcript of the trial court's hearing on their motion to strike. (*Bel Air, supra*, 20 Cal.App.5th at p. 933.) The court reasoned that respondent "does not claim that the hearing included any live testimony or the introduction of any other evidence. Nor does it identify any particular matter addressed at the hearing that this court must consider to decide the appeal. [Citation.] While a record of the hearing would have been helpful to understand the trial court's reasoning, it is not necessary here where our review is de novo and the appellate record includes the

trial court's written orders and all the evidentiary materials germane to Appellants' motion. [Citation.]" (*Ibid.*)

Similarly, in *Chodos*, the court held that a reporter's transcript was not required because "[n]one of the parties relies upon the oral argument before the trial court, and we decide a purely legal issue based on the filings before the trial court—as did the trial court." (*Chodos*, *supra*, 210 Cal.App.4th at p. 699.)

Unlike in *Foust*, appellant's challenge to the trial court's decision does not rely on any evidence presented or the trial court's findings made at the hearing. Nor does respondent rely on any of the trial court's findings or statements made at the hearing. (See *Chodos*, *supra*, 210 Cal.App.4th at p. 699.) Instead, similar to *Bel Air*, respondent "does not claim that the hearing included any live testimony or the introduction of any other evidence," and does not "identify any particular matter addressed at the hearing that this court must consider to decide the appeal." (*Bel Air*, *supra*, 20 Cal.App.5th at p. 933.) As *Chodos* explained, a reporter's transcript is required on appeal "only if 'an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . .'" (*Chodos*, *supra*, 210 Cal.App.4th at p. 699; Cal. Rules of Court, rule 8.120(b).) The lack of a reporter's transcript accordingly does not require affirmance based on an inadequate record.

II.    *Forum Non Conveniens*

   A.    *Applicability of Sections 410.30 and 418.10*

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (§ 410.30, subd. (a).) "Section 410.30 is a codification of the doctrine of forum non conveniens [citation], but the principles governing enforcement of a forum selection clause are not the same as those applicable to motions based on forum non conveniens.  [¶]  In California, 'forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable.' [Citation.]  [¶]  The burden of proof is on the plaintiff, and the factors involved in traditional forum non conveniens analysis do not control.  [Citation.]  'Instead, the forum selection clause is presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case.' [Citations.]  . . .  [¶]  We review the trial court's decision for abuse of discretion.  [Citation.]"[6] (*Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 153-154.)  On

---

[6]    "There is a split of authority regarding the appropriate standard of review on whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens." (*Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 446.)  The majority of cases apply the abuse of discretion standard, not the substantial evidence standard.  (*Id.* at pp. 446-447.)

the other hand, where "no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo. [Citation.]" (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*).) No matter what standard of review we apply, we conclude the trial court properly granted the motion.

Appellant contends that sections 410.30 and 418.10 do not apply under the plain terms of the statutes because the forum selection clause here, unlike most such clauses, designates not only a geographical location but requires litigation in federal court. He points out that section 410.30 requires stay or dismissal if the court finds that the action "should be heard in a forum outside this state" (§ 410.30, subd. (a)), and that his action was filed within the state, not outside the state. He further contends that section 418.10 permits a stay or dismissal "on the ground of inconvenient forum," but there is no indication here that it would be "inconvenient" for any witnesses or parties to litigate in state court, rather than federal court. Appellant's argument is contrary to established law.

"Where a plaintiff brings suit in California, the potential applicability of a contractual forum selection clause is raised by the defendant through a motion to dismiss on grounds of forum non conveniens." (*Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000, 1005 (*Bushansky*).) "A defendant may enforce a forum-selection clause by bringing a motion pursuant to sections 410.30 and 418.10, the statutes governing forum non conveniens motions, because they are the ones which generally authorize a trial court to decline jurisdiction when

9

unreasonably invoked and provide a procedure for the motion. [Citations.]" (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680 (*Cal-State*); see also *Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1492, fn. 1 ["'The enforceability of a forum selection clause is properly raised by a motion to stay or dismiss under Code of Civil Procedure section 410.30, as it is a request to the court to decline jurisdiction.'"].) Thus, although appellant's action was not filed "in a forum outside this state" (§ 410.30, subd. (a)), the statutes governing forum non conveniens motions apply here to determine the enforceability of the forum selection clause.

B.    *Permissive or Mandatory*

"A passage contract on a cruise ship is a maritime contract, and its interpretation is governed exclusively by maritime or admiralty law. [Citations.] The validity of a passage contract provision is to be interpreted by the general maritime law of the United States, not state law. [Citation.] State courts, however, have concurrent jurisdiction with federal courts to entertain actions governed by maritime law. [Citations.]" (*Hayman v. Sitmar Cruises, Inc.* (1993) 14 Cal.App.4th 1499, 1504; see also *Schlessinger v. Holland America* (2004) 120 Cal.App.4th 552, 557 (*Schlessinger*) ["Enforceability of a forum selection clause in a passenger cruise contract 'is a case in admiralty, and federal law governs the enforceability of the forum-selection clause'"].) "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. [Citation.]" (*P & S*

10

*Business Machines, Inc. v. Canon USA, Inc.* (11th Cir. 2003) 331 F.3d 804, 807.)

"In a contract dispute in which the parties' agreement contains a forum selection clause, a threshold issue in a forum non conveniens motion is whether the forum selection clause is mandatory or permissive. A mandatory clause ordinarily is 'given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable.' [Citation.] But, if 'the clause merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. [Citation.]' [Citation.]" (*Animal Film, supra*, 193 Cal.App.4th at p. 471.)

We conclude that the forum selection clause at issue here is mandatory, not permissive. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." (*Council of Laborers v. Pittsburg-Des Moines Steel* (9th Cir. 1995) 69 F.3d 1034, 1037.) The clause here states: "All claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever, including without limitation those arising out of or relating to this Passage Contract or Your Cruise, *shall be litigated* before the United States District Courts for the Central District of California in Los Angeles, or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Los Angeles County, California, U.S.A., to the exclusion of the courts of any other country, state, city, municipality, county or locale. You consent to jurisdiction and waive any objection

11

that may be available to any such action being brought in such courts."
(Italics added.)

Although the forum selection clause allows litigation in state court
if the federal court does not have subject matter jurisdiction, a phrase
such as "shall be litigated" generally has been construed to indicate that
the forum selection clause is mandatory. (See, e.g., *Docksider, Ltd. v.
Sea Technology, Ltd.* (9th Cir. 1989) 875 F.2d 762, 763 [clause stating
that "'Venue of any action brought hereunder shall be deemed to be in
Gloucester County, Virginia'" mandatory]; *Verdugo v. Alliantgroup, L.P.*
(2015) 237 Cal.App.4th 141, 146 (*Verdugo*) [forum selection clause
mandatory where it stated, "'proper subject matter and personal
jurisdiction shall be had solely in [the] State of Texas'"]; *Bushansky*,
*supra*, 23 Cal.App.5th at p. 1011 [finding clause mandatory where it
stated, "'the Court of Chancery of the State of Delaware (or, if such
court lacks jurisdiction, any other state or federal court located within
the State of Delaware) *shall* be the *sole and exclusive* forum . . . for *any*
derivative action . . . .'"]; *Cal-State*, *supra*, 12 Cal.App.4th at p. 1672, fn.
4 ["'[A]ny appropriate state or federal district court located in the
Borough of Manhattan, New York City, New York shall have exclusive
jurisdiction over any case of controversy arising under or in connection
with this Agreement'" mandatory].) The language thus indicates that
the forum selection clause is mandatory and requires that suit be
brought in federal court. Litigation in state court is allowed only if the
federal court does not have subject matter jurisdiction.

C.    *Reasonableness*

"When a case involves a mandatory forum selection clause, it will usually be given effect unless it is unfair or unreasonable.  [Citation.]" (*Richtek USA, Inc. v. uPI Semiconductor Corp.* (2015) 242 Cal.App.4th 651, 661.)  "Both California and federal law presume a contractual forum selection clause is valid and place the burden on the party seeking to overturn the forum selection clause.  [Citations.]" (*Schlessinger, supra*, 120 Cal.App.4th at p. 558.)  "It is well settled that parties may contract in advance to select the forum in which their disputes will be adjudicated.  [Citation.]"  (*National Auto Lenders, Inc. v. SysLOCATE, Inc.* (S.D.Fla. 2010) 686 F.Supp.2d 1318, 1322 (*National Auto Lenders*).)

"In the context of forum selection clauses, enforcement is considered unreasonable where 'the forum selected would be unavailable or unable to accomplish substantial justice' or there is no 'rational basis' for the selected forum.  [Citation.]"  (*Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 707 (*Drulias*).)  " '' 'Mere inconvenience or additional expense is not the test of unreasonableness . . .' " for a mandatory forum selection clause.  [Citation.]'  [Citation.]  A clause is reasonable if it has a logical connection with at least one of the parties or their transaction." (*Verdugo, supra*, 237 Cal.App.4th at p. 147.)

"A forum selection clause need not be subject to negotiation to be enforceable.  [Citations.]  Rather, a forum selection clause contained in a contract of adhesion, and thus not the subject of bargaining, is

13

'enforceable absent a showing that it was outside the reasonable expectations of the weaker or adhering party or that enforcement would be unduly oppressive or unconscionable.' [Citations.]" (*Drulias, supra*, 30 Cal.App.5th at pp. 707-708.) "This rule 'accords with ancient concepts of freedom of contract and reflects an appreciation of the expanding horizons of American contractors who seek business in all parts of the world.' [Citation.]" (*Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 588.)

We initially note that the complaint alleged that "Jurisdiction and venue exist in Los Angeles Superior Court pursuant to a forum selection clause in the passenger ticket Plaintiff purchased from [respondent]. This forum selection clause has been upheld by [*Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585 (*Shute*)]." Appellant therefore conceded he had notice of the forum selection clause and that such a clause had been upheld by the United States Supreme Court.

In *Shute*, 499 U.S. 585, the court addressed the enforceability of a forum selection clause contained in tickets issued by petitioner Carnival Cruise Lines, Inc. to its passengers. The clause required litigation in the State of Florida, but the respondent, an injured passenger, filed suit in the United States District Court for the Western District of Washington. In evaluating the reasonableness of the forum selection clause, the court acknowledged that no cruise passenger "would negotiate . . . the terms of a forum-selection clause in an ordinary commercial cruise ticket. Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have

14

bargaining parity with the cruise line." (*Id.* at p. 593.) Nonetheless, the court concluded that the clause was enforceable, reasoning that "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. [Citations.] Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. [Citation.] Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued. [Citation.]" (*Id.* at pp. 593-594.) In *Shute*, as here, the plaintiffs "have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity." (*Id.* at p. 595.) Noting that there was "no evidence that petitioner obtained respondents' accession to the forum clause by fraud or overreaching," the court concluded the respondents failed to satisfy "the 'heavy burden of proof'" required to set aside the forum selection clause. (*Ibid.*)

As stated above, enforcement of a forum selection clause "is considered unreasonable where 'the forum selected would be unavailable or unable to accomplish substantial justice' or there is no

15

'rational basis' for the selected forum. [Citation.]" (*Drulias, supra,* 30 Cal.App.5th at p. 707.) Appellant has presented no evidence that enforcement of the forum selection clause would be unreasonable on either of these bases. (*Compare Magno v. The College Network, Inc.* (2016) 1 Cal.App.5th 277, 290 [substantial evidence supported finding that plaintiffs were unaware of an arbitration provision, and there were "other indicia of substantive unconscionability"].) In fact, he presents no such argument. Instead, he argues that enforcement of the clause would be unreasonable because (1) the clause designates a federal forum rather than a geographic location; (2) the clause deprives California courts from hearing the matter; and (3) respondent's failure to remove the matter to federal court stripped the federal court of subject matter jurisdiction. We find none of his arguments meritorious.

### 1.    *Designation of Federal Forum*

Rather than arguing that the federal forum is unavailable or unable to accomplish substantial justice (*Drulias, supra,* 30 Cal.App.5th at p. 707), appellant contends that enforcement of the clause would be unreasonable because it designates a specific federal court rather than imposing a geographic limitation. As the superior court acknowledged, "[t]he case law generally does not appear to address forum selection clauses that select a federal forum, as opposed to such clauses that make geographic selections." Nonetheless, we agree that the selection of a federal forum does not make enforcement of the clause unreasonable.

16

"In analyzing forum selection clauses, courts begin by determining whether the limitation provided in the clause is one of sovereignty or geography.  [Citations.]  Clauses that are expressed in terms of sovereignty mandate that suit be brought in the courts of the state sovereign.  [Citation.]  On the other hand, clauses that are expressed in terms of geography permit suit to be brought in a state or federal court located within a specified geographic boundary.  [Citation.]"  (*Silo Point II LLC v. Suffolk Const. Co., Inc.* (D.Md. 2008) 578 F.Supp.2d 807, 810.)

The cases addressing whether a forum selection clause imposes a limitation of geography or sovereignty are concerned with whether litigation is permissible in both state and federal court or only state court.  For example, respondent relies on *Doe 1 v. AOL LLC* (9th Cir. 2009) 552 F.3d 1077 (*Doe 1*) and *American Soda v. U.S. Filter Wastewater Group* (10th Cir. 2005) 428 F.3d 921 (*American Soda*) to argue that the designation of a federal forum is valid, but those cases do not address a clause such as that found here.

In *Doe I*, the issue was the meaning of a forum selection clause stating that "'exclusive jurisdiction . . . resides in the courts of Virginia.'"  (*Doe 1*, *supra*, 552 F.3d at p. 1081.)  The court held that the clause referred only to state courts, reasoning that "[t]he clause's use of the preposition 'of'—rather than 'in'—is determinative. . . .  [C]ourts 'of' Virginia refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia.  Federal district courts, in contrast, proceed from, and find their origin in, the federal government."  (*Id.* at p. 1082.)

17

Similarly, the forum selection clause at issue in *American Soda* provided that "the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes." (*American Soda, supra*, 428 F.3d at p. 924.) The court concluded that the clause "refers to sovereignty rather than geography." (*Id.* at p. 926.) Because the federal district courts "'indisputably proceed from, and find their origin in, the federal government,' [citation] not in the governments of the states in which they are located," the clause designating the courts "*of* the *State* of Colorado" as the exclusive forum required litigation in the Colorado state court system. (*Ibid.*)

Unlike the clauses in *Doe I* and *American Soda*, the forum selection clause at issue here does not merely designate a geographical location, which could raise a question of sovereignty. Nor does the clause raise a question of the reasonableness of litigating outside the state. (See e.g., *Drulias, supra*, 30 Cal.App.5th at p. 699 [enforcing forum selection bylaw designating Delaware as litigation forum].) Instead, the forum selection clause requires litigation in federal court in Los Angeles and, if the federal court lacks subject matter jurisdiction, in state court in Los Angeles County. We have found several out-of-state cases addressing similar clauses and agree with our sister states that the clause is enforceable.

In *Oltman v. Holland America Line USA, Inc.* (Wash. 2008) 178 P.3d 981 (*Oltman*), the Supreme Court of Washington addressed a cruise passenger ticket containing "a forum selection clause designating the federal district court in western Washington as the chosen forum,

18

with the sole exception being that King County courts are the chosen forum where the federal court lacks subject matter jurisdiction." (*Id.* at p. 985.) Because the plaintiffs filed suit in state court, one of the issues was whether the forum selection clause was valid and enforceable. The plaintiffs "contend[ed] that under the federal savings to suitors clause they were entitled to file in state court, and that when they did so, the federal court was deprived of subject matter jurisdiction. That being the case, they reason, they were entitled to file in state court under the exception in the forum selection clause permitting suit to be brought in King County courts if the federal district court lacked subject matter jurisdiction."[7] (*Id.* at p. 994.) The court rejected this argument as "circular" and concluded that the forum selection clause required the plaintiffs to "bring their suit in federal court, which has subject matter jurisdiction over admiralty claims." (*Id.* at pp. 994, 995.)

In *Lischinskaya v. Carnival Corp.* (N.Y. App. Div. 2008) 56 A.D.3d 116 (*Lischinskaya*), the New York Supreme Court, Appellate Division, addressed whether "a forum selection clause in a cruise ship contract of passage that limits an injured passenger to suit in federal court, where such jurisdiction is available, and allows a state court action only where it is not, violate[s] either the Saving to Suitors Clause of the Judiciary

---

[7] "The savings to suitors clause, 28 U.S.C. § 1333(1), states that '[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.' This provision enables a plaintiff to bring an admiralty or maritime claim in state court, i.e., the state and federal courts have concurrent jurisdiction." (*Oltman*, *supra*, 178 P.3d at p. 994.)

19

Act of 1789 (28 USC § 1333[1]) or 46 USC § 30509, which governs clauses in maritime contracts that purport to limit liability." (*Id.* at p. 118.) Similar to the forum selection clause here, the clause required litigation in federal court in Miami, or as to lawsuits to which the federal court lacked subject matter jurisdiction, in state court in Miami-Dade County, Florida. *Lischinskaya* held that the forum selection clause was enforceable, reasoning that "[t]he plaintiff had the opportunity to review the ticket [citations], as she received it more than a month before the date on which she embarked [citations]. The front portion of the ticket explicitly directed the attention of the passenger to a page within to read 'important limitations.' Those restrictions included the complete terms of the forum selection clause. The forum selected, either the federal or state courts in Miami, Florida, is not inconvenient [citations], particularly since that is the port at which the plaintiff embarked." (*Id.* at p. 120.)

In *Leslie v. Carnival Corp.* (Fla.App. 3 Dist. 2008) 22 So.3d 561 (*Leslie*), the District Court of Appeal of Florida addressed the same forum selection clause that was addressed in *Lischinskaya*. The court noted that the forum selection clause was not a geographical clause, but was more aptly characterized as "a 'sovereign selection clause.'" (*Id.* at p. 564.) Similar to appellant here, the passengers argued that the "new forum-selection clause effectively dictates not only the location where a passenger may sue, but also contractually constrains the 'subject matter jurisdiction' of the available courts within that jurisdiction." (*Ibid.*) The court acknowledged that the clause "disrupt[ed] the participation of

this state's 'trial and appellate courts as an otherwise indispensable, co-equal [an]d counter-poising source (with federal courts) of national maritime common law,'" and thus resulted in "disruption to traditional maritime policy." (*Id.* at p. 565.) Nonetheless, the court concurred with the view of the United States Supreme Court that this concern "reflects something of a provincial attitude regarding the fairness of other tribunals." (*Ibid.*, quoting *M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 12.) Rejecting the concern that "plaintiffs who might become contractually obligated to appear before and litigate their cases before the fine judges of the United States District Court for the Southern District of Florida somehow will be short-changed," the court affirmed the trial court's enforcement of the forum selection clause. (*Leslie, supra*, 22 So.3d at pp. 565–566.)

In reliance on the reasoning of *Lischinskaya*, *Leslie*, and *Oltman*, we disagree with appellant that the forum selection clause is unenforceable solely because it designates a federal forum and allows litigation in state court only where the federal court does not have subject matter jurisdiction. Instead, as the United States Supreme Court explained in *Shute*, there are "several reasons" for finding such a clause enforceable. (*Shute, supra*, 499 U.S. at p. 593.) These include the advantages of dispelling confusion about where suits must be brought and the possibility that "passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued. [Citation.]" (*Id.* at p. 594.) The designation of a

21

federal forum was a matter of contract (*National Auto Lenders*, *supra*, 686 F.Supp.2d at p. 1322), and appellant has presented no argument or evidence that enforcement would be unreasonable. (See *Cal-State*, *supra*, 12 Cal.App.4th at p. 1679 [forum selection clauses are valid in absence of showing that enforcement would be unreasonable].)

### 2. *Concurrent Jurisdiction of State Court*

Appellant further argues that, because California state courts have concurrent jurisdiction over the matter, the forum selection clause unfairly deprives California state courts from hearing the matter. "While it is true that the parties may not *deprive* courts of their jurisdiction over causes by private agreement [citation], it is readily apparent that courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495 (*Smith*).)

The forum selection clause does not "*deprive*" the Los Angeles Superior Court of jurisdiction. Instead, the superior court exercised its "discretion to *decline* to exercise jurisdiction in recognition of" the forum selection clause contained in the passage contract. (*Smith*, *supra*, 17 Cal.3d at p. 495.) Appellant presented no evidence to satisfy his "'heavy burden'" of proving unreasonableness. (*Shute*, *supra*, 499 U.S. at p. 595.) Moreover, as the Florida Court of Appeal reasoned, "plaintiffs who might become contractually obligated to appear before and litigate their cases before the fine judges of the United States District Court" for

the Central District of California will not "be short-changed." (*Leslie,
supra*, 22 So.3d at pp. 565-566.)

### 3. *Failure to Remove*

Appellant contends that respondent's failure to remove the matter
to federal court within the 30 days required by 28 U.S.C. § 1446(b)
deprived the federal court of subject matter jurisdiction. Because the
forum selection clause provides for litigation "before a court located in
Los Angeles County, California, U.S.A." of "lawsuits over which the
Federal Courts of the United States lack subject matter jurisdiction," he
contends that the forum selection clause requires the matter to be heard
in Los Angeles Superior Court.

A defendant generally may remove a civil action brought in state
court to the federal district court where the federal district court has
original jurisdiction.[8] (28 U.S.C.A. § 1441.) 28 U.S.C. § 1446 provides

---

[8] Courts have held that "[t]he practical effect of these provisions is to
prevent the removal of admiralty claims pursuant to § 1441(a) unless there is
complete diversity of citizenship (predicated upon out-of-state defendants)."
(*In re Dutile* (5th Cir. 1991) 935 F.2d 61, 63 [discussing 28 U.S.C. §§ 1333,
1441, and 1445].) However, "whether a state law case can be removed into
admiralty is . . . 'a hotly contested issue in maritime law.' [Citation.]"
(*Hamerly v. Tubal-Cain Marine Services, Inc.* (E.D.Tex. 2014) 62 F.Supp.3d
555, 559.) Respondent argues extensively that it could not have removed the
matter to federal court. Appellant contends that respondent forfeited this
argument by failing to raise the issue in the trial court. (See *Premier Medical
Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163
Cal.App.4th 550, 564 ["""[I]t is fundamental that a reviewing court will
ordinarily not consider claims made for the first time on appeal which could
have been but were not presented to the trial court."""].) We need not
address whether respondent could have removed the matter to federal court

23

that a defendant "desiring to remove any civil action from a State court" must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (28 U.S.C.A. § 1446(a) & (b).) Appellant contends that respondent waived its right to remove the action and that the federal district court accordingly "may not exercise subject matter jurisdiction over this case."

Appellant provides no authority for the proposition that respondent's failure to remove the matter to federal court within 30 days strips the federal court of subject matter jurisdiction. This proposition is contrary to federal law. "[Section] 1446(b)'s thirty-day time limit within which the defendant must file a notice of removal after receipt of the complaint . . . [is] merely procedural." (*Smith v. Mylan Inc.* (9th Cir. 2014) 761 F.3d 1042, 1045.) It is "'not jurisdictional.' [Citation.]" (*Ibid.*)

Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." (28 U.S.C. § 1333, subd. (1); see *DeRoche v. Commodore Cruise Line, Ltd.* (1994) 31 Cal.App.4th 802, 807 ["The duty of care of the owner of an excursion ship is a matter of federal maritime law. [Citations.]"].) The passage contract here contained a choice-of-law provision, which stated: "You acknowledge and agree that, except as otherwise expressly provided herein, the

---

because, as we explain, we find no authority for appellant's proposition that the failure to remove the matter stripped the federal court of jurisdiction.

resolution of any and all disputes between Carrier and any Guest shall be governed exclusively and in every respect by the general maritime law of the United States without regard to its choice of law principles, except in cases involving death arising outside the United States which shall be governed exclusively by the Death on the High Seas Act, 46 U.S.C. § 30301, *et seq.* You agree this choice of law provision replaces, supersedes and preempts any provision of law of any state or nation to the contrary." "Such choice of law provisions are usually respected by California courts. [Citations.]" (*Smith*, *supra*, 17 Cal.3d at p. 494.) Respondent's failure to remove the matter to federal court did not deprive the federal court of subject matter jurisdiction.

For the foregoing reasons, we conclude that the trial court properly dismissed the matter for forum non conveniens on the basis of the forum selection clause.

//

//

//

//

//

//

//

//

//

//

25

## DISPOSITION

The order dismissing the case for forum non conveniens is affirmed.  Respondent is entitled to costs on appeal.

**CERTIFIED FOR PUBLICATION**


WILLHITE, Acting P. J.


We concur:


COLLINS, J.


CURREY, J.