Filed 3/19/24  Ratliff v. Corodata Corporation CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANTHONY RATLIFF,<br><br>        Plaintiff and Appellant,<br>v.<br>CORODATA CORPORATION,<br><br>        Defendant and Respondent. | A162964<br><br>(Alameda County<br>Super. Ct. No. HG18909937) |

Anthony Ratliff filed a motor vehicle negligence lawsuit against Corodata Corporation (Corodata).  After Ratliff failed to comply with an order compelling him to respond to Corodata's first set of discovery requests, the trial court granted Corodata's motion for terminating sanctions (Code Civ. Proc., § 2023.030, subd. (d))[1] and dismissed his case with prejudice.

Ratliff appeals, arguing—as relevant here—that the trial court abused its discretion in granting the motion for terminating sanctions.  We agree and reverse.

**BACKGROUND**

In June 2018, Ratliff filed a complaint alleging he was injured in a traffic accident with a vehicle owned by Corodata.  Thereafter, Ratliff's

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

counsel missed four case management conferences; the trial court ordered Ratliff's counsel to pay a total of $150 in monetary sanctions.[2]

In July 2019, Corodata served Ratliff with form interrogatories and requests for production of documents. Ratliff did not respond, and his counsel failed to appear at a subsequent case management conference, prompting the trial court to issue an order to show cause why sanctions—including dismissal—should not be imposed. Ratliff's counsel appeared at the next case management conference, where the court imposed a $50 monetary sanction for counsel's failure to appear at the prior conference.

In January 2020, the trial court granted Corodata's unopposed motion to compel discovery responses, ordered Ratliff to provide verified responses to the interrogatories and requests for production of documents, and imposed a $660 monetary sanction. Ratliff failed to comply with the order.

Nine months later, Corodata moved for terminating sanctions based on Ratliff's failure to comply with the trial court's January 2020 order. Ratliff did not file a memorandum of points and authorities in opposition to the motion. Three days before the hearing, however, his counsel filed a declaration averring that he had timely served Corodata with the discovery responses in compliance with the January 2020 order and that he was unaware they had not been received. Ratliff's counsel also stated someone had broken into and vandalized his office and had thrown his files everywhere. According to counsel, when he received the motion for

_____

[2] After Ratliff's counsel failed to appear at a fourth case management conference, the trial court dismissed the matter *without* prejudice. Ratliff moved to set aside the dismissal; counsel submitted a supporting declaration proffering various reasons for counsel's failure to attend the prior case management conferences. Though it found counsel's explanation "less than compelling," the court nonetheless set aside the dismissal.

2

terminating sanctions, he was unable to locate the discovery responses he had served but was able to find the proof of service for the responses in another client's file. Counsel attached the proof of service to his declaration. Counsel explained that he "reconstruct[ed] the missing documents to comply" with the discovery requests, had Ratliff sign a new verification, and mailed the discovery responses to Corodata along with a letter of explanation and a request that Corodata withdraw the motion for terminating sanctions. Nothing in the record indicates that Corodata disputes Ratliff's representation he served the subject discovery responses after receiving the terminating sanctions motion. When Corodata did not respond, Ratliff's counsel filed his declaration in opposition to the motion.

After hearing argument on the motion and taking the matter under submission, the trial court granted the motion. It stated that Ratliff failed to serve the verified discovery responses by the date specified in the January 2020 order and did not attempt to justify his failure by filing an opposition to the motion for terminating sanctions. And though the court indicated it considered the declaration filed by Ratliff's counsel (which the court construed as a "late opposition"), it concluded counsel's excuse was not credible. Accordingly, the court found that based on the record before it, the imposition of terminating sanctions was appropriate. It therefore dismissed the action against Corodata with prejudice.

Ratliff appeals.

## DISCUSSION

Ratliff argues the trial court abused its discretion in granting Corodata's motion for terminating sanctions. We agree.[3]

_____

[3] We do not discuss Ratliff's other contentions, including, but not limited to, his claims that Corodata failed to meet and confer before filing its

3

The Civil Discovery Act (§ 2016.010 et seq.) provides trial courts with a range of sanctions that can be imposed on litigants for disobeying a court order to provide discovery, including monetary, evidentiary, issue and terminating sanctions. (§§ 2023.010, 2023.030.) "The trial court has broad discretion in selecting discovery sanctions, subject to reversal only for abuse." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.) That said, discovery sanctions " ' "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." ' " (*Ibid*.; see *Wilson v. Jefferson* (1985) 163 Cal.App.3d 952, 959 [reversing terminating sanctions order when discovery misconduct related only to an affirmative defense and was not dispositive of material issues].) Further, the trial court "cannot impose sanctions for misuse of the discovery process as a punishment." (*Doppes*, at p. 992.)

A terminating sanction is a "drastic penalty and should be used sparingly" as it "eliminates a party's fundamental right to a trial, thus implicating due process rights." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (*Lopez*).) Although terminating sanctions may be warranted in certain situations, including where a party's conduct was "willful" or "preceded by a history of abuse" (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279), it is only in "extreme cases" that a court should order a terminating sanction as a *first* measure (*Lopez*, at pp. 604–605). Even then, such a sanction "should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly

motion for terminating sanctions and that an attorney's violations of local court rules should not result in the dismissal of an innocent party's complaint. We also decline to consider arguments raised for the first time in Ratliff's reply brief. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

4

shows lesser sanctions would be ineffective." (*Ibid.*) Put another way, just as the discovery statutes themselves "evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination," courts should adopt a graduated approach toward imposing sanctions. (*Doppes v. Bentley Motors, Inc., supra*, 174 Cal.App.4th at p. 992.) "If a lesser sanction fails to curb misuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher sanctions until the sanction is reached that will curb the abuse." (*Ibid.*)

Here, the trial court erred in imposing terminating sanctions as the first and only sanction for Ratliff's failure to comply with the January 2020 order compelling discovery responses. It bears noting that the order at issue pertained to the first set of discovery requests propounded by Corodata, that discovery between the parties had just commenced, and that Ratliff had not failed to comply with any previous discovery orders. There is no indication the court attempted to impose any lesser sanction for Ratliff's failure to comply with the January 2020 order before ordering the ultimate sanction of dismissal. Nor is there any evidence lesser sanctions would have been ineffective. On the contrary, the record indicates that when faced with the terminating sanctions motion, Ratliff remedied his failure to respond to the discovery requests by serving Corodata with the subject responses before the hearing. Notwithstanding this fact, the court imposed terminating sanctions, reasoning that Ratliff failed to serve his responses by the date specified in the discovery order and the court did not find Ratliff's excuse for his prior failure to comply to be credible. This sanction was not appropriate to the dereliction at issue and, instead, exceeded what was required to protect Corodata's

5

interests.  (See *Doppes v. Bentley Motors, Inc., supra*, 174 Cal.App.4th at p. 992.)

*Lopez, supra*, 246 Cal.App.4th 566, is instructive.  In that case, the trial court ordered the defendant to produce documents in response to the plaintiff's discovery requests.  (*Id.* at p. 605.)  The defendant, however, made no effort to comply with the order and instead repeated its unmeritorious objections to the document requests.  (*Ibid.*)  Thereafter, the court issued terminating sanctions for the defendant's willful and repeated refusal to comply with the discovery order.  (*Id.* at p. 586.)  The Court of Appeal reversed.  (*Id.* at p. 606.)  It reasoned that though the trial court had authority to impose sanctions based on the defendant's willful disobedience of a court order, it was error for it to impose terminating sanctions as the "*first and only* sanction" along with a monetary sanction for deposition costs. (*Id.* at p. 605)

*Lopez* explained that the "fundamental flaw" with the trial court's approach was there was "no basis in the record showing the court could not have obtained [the defendant's] compliance with lesser sanctions or that another sanction could not effectively remedy the discovery violation." (*Lopez, supra*, 246 Cal.App.4th at p. 605.)  As *Lopez* observed, the court had "numerous tools at its disposal to compel compliance before imposing the ultimate sanction," including monetary sanctions that could have been imposed every day the defendant did not search for or produce documents, or evidentiary or issue sanctions that could replace information that could be included within the documents.  (*Ibid.*)

Here, too.  Assuming for the sake of argument Ratliff's failure to comply with the January 2020 order compelling discovery responses was willful, the record does not indicate the trial court attempted to impose a less

6

severe alternative.[4]  In fact, the record indicates the court imposed terminating sanctions notwithstanding the fact that Ratliff had served the ordered discovery responses before the hearing on the motion for terminating sanctions.  As in *Lopez*, the imposition of terminating sanctions was an abuse of discretion.  (See *Lopez, supra*, 246 Cal.App.4th at p. 605.)

As for Corodata's contentions in response, they are not persuasive.  First, Corodata asserts Ratliff is estopped from arguing the trial court abused its discretion in imposing terminating sanctions because he failed to provide a reporter's transcript (or a suitable substitute) of the hearing on the motion for terminating sanctions.  Corodata suggests a transcript is necessary because the order granting terminating sanctions did not explain why the court concluded Ratliff's excuse for failing to comply with the January 2020 order was not credible.

Corodata's argument is not well taken.  It is true that "dismissal of an appeal may be warranted in the absence of a reporter's transcript when such a transcript is necessary for meaningful review."  (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 933.)  But when an appellant's challenge does not rely on oral argument, live testimony, evidence presented, or a trial court's findings or statements made at a hearing, courts have held the lack of a reporter's transcript does not require affirmance based on an inadequate record.  (E.g., *Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 213.)

---

[4] Ratliff contends his failure was *not* willful as he purportedly timely served the discovery responses, which were possibly lost in the mail or in Corodata's counsel's office.  We need not address this contention because, even if his failure was willful, it was an abuse of discretion for the trial court to order terminating sanctions.

Here, neither party relies on statements made at the hearing on the motion for terminating sanctions.  Further, with respect to the credibility determination the trial court made in its written order regarding Ratliff's excuse for failing to comply with the January 2020 discovery order, it is not germane to the issue of whether the court abused its discretion in imposing terminating sanctions as the first and only sanction for Ratliff's failure to comply with that order.  Accordingly, a reporter's transcript revealing the reasons underlying the court's credibility determination is not necessary for a meaningful review of the issues presented in this appeal.  (See *Bel Air Internet, LLC v. Morales, supra*, 20 Cal.App.5th at p. 933.)

Next, Corodata contends the imposition of terminating sanctions was proper because Ratliff failed to appear at several case management conferences or timely respond to the discovery requests, and because he did not timely oppose the motion for terminating sanctions.  To support this argument, Corodata relies on *Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799–800 (*Del Junco*), where the appellate court upheld a default judgment against a party who "showed no interest in taking part in the case or in following orders of the court."

We are not persuaded.  To be sure, courts are authorized to consider the "totality of circumstances" when considering the imposition of terminating sanctions.  (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246.)  Further, courts have inherent authority to dismiss an action under certain circumstances, such as when the plaintiff has failed to prosecute diligently or the complaint has been shown to be " 'fictitious or a sham.' "  (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915.)  But even the *Del Junco* court acknowledged courts should "only exercise this authority in *extreme situations*, such as when the conduct was clear and deliberate, where no

8

lesser alternatives would remedy the situation [citation], the fault lies with the client and not the attorney [citation], and when the court issues a directive that the party fails to obey." (*Del Junco, supra*, 150 Cal.App.4th at p. 799, italics added.)

Here, this standard has not been met. As discussed *ante*, the record does not support a conclusion that lesser discovery sanctions would not have remedied Ratliff's failure to comply with the first and only discovery order made in this case. In fact, the record indicates—and Corodata does not rebut—that by the time the trial court heard the terminating sanctions motion, Ratliff had responded to the discovery requests. Further, with respect to the prior failures to appear at case management conferences, it is important to note the trial court already imposed sanctions for those failures. And though Ratliff's conduct in those proceedings may be considered as part of the "totality of circumstances" that are weighed when determining if terminating sanctions should be imposed, there is no question the court had within its arsenal any number of lesser sanctions that could have been attempted before dismissing the action. Such sanctions could have included monetary sanctions that were more significant or issue or evidentiary sanctions.

Thus, while we are sympathetic to the trial court's frustration with counsel for Ratliff's dilatory and disorganized conduct, we cannot condone the immediate resort to a sanction of dismissal in response to the first discovery misuse in a matter. The court was still required to ensure that the sanction imposed for Ratliff's failure to comply with its discovery order did not exceed what was necessary to curb the abuse. A terminating sanction at the onset of discovery proceedings, in the absence of prior discovery abuses or attempts to impose lesser sanctions, and after a failure had already been rectified, was

9

improper.  Nothing we say, however, is intended to preclude the court from, upon properly noticed motion, imposing a graduated series of sanctions that may ultimately result in dismissal if Ratliff violates subsequent court orders. Moving forward, we also advise counsel for Ratliff to exercise much more diligence and care in his handling of this matter.

## DISPOSITION

We reverse the order imposing terminating sanctions and dismissing the action.  The matter is remanded for the trial court to vacate the order and reinstate the action.  In the interests of justice, the parties will bear their own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.


A162964/*Ratliff v. Corodata Corp.*